```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
           FORT WAYNE DIVISION
```

```
JULIE MARSH,                    )
                                )
     Plaintiff,                 )
                                )   CAUSE NO. 1:15-CV-00301
         vs.                    )
                                )
HUNTINGTON COUNTY               )
SHERIFF'S DEPARTMENT,           )
et al.,                         )
                                )
     Defendants.                )
```

## OPINION AND ORDER

This matter is before the Court on the "Motion to Dismiss Plaintiff's Second Amended Complaint, In Part, by Defendant Huntington County Sheriff's Department," filed by Defendant, the Huntington County Sheriff's Department, on April 14, 2016 (DE #68). For the reasons set forth below, the motion (DE #68) is **DENIED.**

BACKGROUND

This case stems from the incarceration and ultimate suicide of Joshua Eckert, an inmate at the Huntington County Jail. Plaintiff, Julie Marsh, brings this action individually and as the special administrator for the Estate of Joshua Eckert against a number of Defendants, including the Huntington County Sheriff's Department (hereinafter the "Department").

In her second amended complaint, Plaintiff includes claims

under 42 U.S.C. § 1983 that the Department failed to adequately train its correctional officers and other staff. (DE #63 ¶ 42.) The Department argues that Marsh's factual allegations are insufficient (specifically, it argues she fails to set forth any facts to demonstrate that deficient training programs actually exist, how they amount to deliberate indifference, or how the Department's alleged practice or policy could have caused the constitutional violation). As such, the Department requests dismissal of Plaintiff's claims for failure to train.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" that the pleader is entitled to relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts

must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Facts

Plaintiff points to the following allegations in the second amended complaint in support of her claim that she sufficiently alleged proper failure to train claims:

    A.    The Huntington County Jail had a policy that required the Defendant confinement officers to provide "continuous uninterrupted observation" of suicidal inmates. (Second Am. Compl. ¶ 30.)

    B.    Eckert hung himself from the surveillance camera in his cell while on suicide watch, while he was the only inmate on observation status, while he was "acting strange all day," and while he was clearly observable via the surveillance camera, which showed him pulling on, stripping and tearing the threads of a suicide blanket, throwing blanket threads into the toilet, and tying some of the blanket fabric together. (*Id.* ¶¶ 20-26.)

    C.    The Huntington County Jail had policies and procedures that restricted Eckert's ability to obtain his needed mental health medications because those medications could not be filled until a "Non-Preferred Medication Request Form" was completed by an off-site corporate

3

D.  The Huntington County Jail had no medical personnel at the Jail on weekends. (*Id.* ¶ 27.)

E.  After Eckert was finally found in his cell hanging from the surveillance camera, the Defendant confinement officers dragged him out into the hall, cuffed him, and waited for a cook at the Jail with some "nursing experience" to check for a pulse before initiating CPR just prior to the EMS arrival. (*Id.* ¶ 27.)

F.  The Huntington County Sheriff's Department, through its agents and/or employees, had a duty to provide a safe environment to inmates, including having medical personnel at the jail on the weekends, and otherwise training and supervising its officers, physicians, nurses and staff regarding how to appropriately monitor and provide a safe environment for potentially suicidal inmates such as Eckert. (*Id.* ¶ 40.)

G.  The Huntington County Sheriff's Department was deliberately indifferent to the obvious need for (1) having medical personnel at the jail on the weekends, (2) providing supervision and training of their officers, physicians, nurses and staff regarding proper detainment and monitoring procedures for potentially suicidal inmates such as Eckert, and (3) timely providing necessary mental health medications to inmates such as Eckert, among other things. (*Id.* ¶ 41.)

H.  The deficiencies in the Huntington County Sheriff's Department's medical staffing and suicide training program, as well as its failure to provide necessary mental health medications to inmates such as Eckert, constitute deliberate indifference to the rights of those persons, such as Eckert, with whom the officers, physicians, nurses and staff come into contact, and such failure is

4

>     an unconstitutional policy or custom that is actionable under 42 U.S.C. § 1983. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989). (*Id.* ¶ 42.)
>
> I. The deficiencies in the Huntington County Sheriff's Department's medical staffing and suicide training program, as well as its failure to provide necessary mental health medications to inmates such as Eckert, is closely related to, and a direct and proximate cause of, Eckert's death. (*Id.* ¶ 43.)

<u>Motion to Dismiss</u>

In this case, the Department argues that the claims for failure to adequately train its correctional officers and staff should be dismissed for failure to state a claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978), because Plaintiff has not provided any factual basis for those claims. In her response, Plaintiff contends she has alleged sufficient factual allegations to support her failure to train claim, which rises above the level of speculation and constitutes a valid claim for relief.

To state a claim for municipal liability under section 1983, a plaintiff must establish that the alleged constitutional deprivation was pursuant to an official policy, practice, or custom of the municipality. *Monell*, 436 U.S. at 689. The Supreme Court of the United States held "that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton,*

*Ohio v. Harris*, 489 U.S. 378, 388 (1989). This can be met if "in light of the duties assigned to specific officers of employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. To prevail on a claim against the Department, Plaintiff must ultimately demonstrate that Eckert's constitutional rights were violated and that the Department's policy or custom of failing to train its employees caused the constitutional violation. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 123 (1992).

The Seventh Circuit is clear that a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the City maintained a policy, custom, or practice" that caused the violation of the plaintiff's Constitutional rights. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Moreover, it is insufficient to rely on mere legal conclusions or boilerplate allegations. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985).

The Department cites to a number of cases in its memoranda in which a failure to train claim was dismissed for failure to allege sufficient facts or inferring a lack of training based upon the occurrence of a single incident. *See, e.g., Srauss*, 760 F.2d at 767; *Rodgers v. Lincoln Towing Serv., Inc.*, 596 F.Supp. 13, 20

(N.D. Ill. 1984); *Sheehan v. Noble Cnty. Sheriff's Dep't*, No. 1:14-cv-324, 2015 WL 3670092, at *4 (N.D. Ind. June 12, 2015); *Hodge v. County of Delaware*, No. 1:09-cv-519-WTL-DML, 2009 WL 3415131, at *4 (S.D. Ind. Oct. 16, 2009); *Sanders v. City of Indianapolis*, No. 1:09-cv-622-SEB-JMS, 2010 WL 2484772, at *4 (S.D. Ind. June 11, 2010); *Suber v. City of Chicago*, No. 10 C 2876, 2011 WL 1706156, at *4 (N.D. Ill. May 5, 2011). However, this case is more like *Doffin v. Ballas*, No. 2:12-CV-411 JD-PRC, 2013 WL 3777231 (N.D. Ind. July 18, 2013) (cited by the Department), where the Court found that:

> Assuming the allegations contained in the Complaint are true, Doffin has supplied enough facts to establish a plausibility of success on his *Monell* claim, such that only further discovery will determine whether the claim will in fact ultimately succeed.

*Id.* at *8.

While this is a close case, the Court believes that, like in *Doffin*, the pleadings here are sufficient. Plaintiff did allege that the Department's medical staffing (having no medical personnel at the jail on weekends) and suicide training program "constitute deliberate indifference to the rights of those persons, such as [Eckert], with whom the officers, physicians, nurses and staff come into contact." (Second Am. Compl. ¶ 42.) Moreover, she alleges that the Department was deliberately indifferent to "timely providing necessary mental health medications to inmates such as [Eckert]" and had a duty to train and supervise its staff regarding how to appropriately monitor and provide a safe environment "for

7

potentially suicidal inmates like [Eckert]." (*Id.* ¶¶ 40, 41.) As such, Plaintiff has alleged some specific facts, she does allege that the policy affects other inmates (and is not just based upon this one incident), and Plaintiff does allege deliberate indifference. She also alleges that the Department is the moving force in causing the injury. (*Id.* ¶¶ 38.)

Construing all well-pled factual allegations contained in the second amended complaint as true, and drawing all inferences in the light most favorable to Plaintiff, the Court finds that Plaintiff has supplied enough factual content in her allegations which, if true, provide a plausible claim for relief. The Department's reliance upon *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821-24 (1985), is misplaced, because in that case the Supreme Court reviewed jury instructions after a trial, finding evidence of more than a single incident is required before municipal liability may be found under section 1983. This case is only at the motion to dismiss stage, and this Court is merely ruling that Plaintiff has alleged sufficient facts that, if accepted as true, could plausibly suggest a policy or practice. At the summary judgment stage, Plaintiff will have to support these allegations with sufficient evidence.

Finally, in making this finding, this Court has also recognized Judge Marshall's concerns:

> We are at loss as to how any plaintiff, including a civil rights plaintiff, is supposed to allege with

> specificity prior to discovery acts to which he or she personally was not exposed, but which provide evidence necessary to sustain the plaintiff's claim, i.e., that there was an official policy or a de facto custom which violated the Constitution.

*Means v. City of Chicago*, 535 F.Supp. 455, 460 (N.D. Ill. 1982).

CONCLUSION

For the aforementioned reasons, the "Motion to Dismiss Plaintiff's Second Amended Complaint, In Part, by Defendant Huntington County Sheriff's Department," filed by Defendant, the Huntington County Sheriff's Department, on April 14, 2016 (DE #68), is **DENIED**.


**DATED: August 17, 2016**          /s/ RUDY LOZANO, Judge
                                    **United States District Court**